IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:12-CR-17 |
| FREDDIE MARSHALL CARSON, | ) | (VARLAN/SHIRLEY) |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on May 8, 2012, for a scheduled pretrial conference and motion hearing on the Defendant's Motion to Continue [Doc. 15], filed on May 4, 2012. Assistant United States Attorney Jennifer Kolman appeared on behalf of the Government. Assistant Federal Defender Bobby E. Hutson, Jr., represented Defendant Carson, who was permitted [Doc. 17] to appear by telephone.

In his motion, the Defendant asks the Court to continue the May 15, 2012 trial in this case in order to permit defense counsel time to prepare for trial. The Defendant states that despite due diligence, counsel has not been able to complete the investigation and research necessary to properly advise the Defendant about matters relating to a trial or a plea agreement in this case. The Defendant filed an affidavit [Doc. 16-1], stating that he understands his right to a speedy trial and that he agrees with the need for additional time to prepare his case for trial properly.

At the May 8 hearing, defense counsel stated that discovery in this case is voluminous and includes 2000 pages of documents and between 3,000 and 5,000 text messages involving

Defendant Carson. Counsel stated that he needed to complete his review of this discovery before he could advise the Defendant about the need for pretrial motions. Attorney Hutson stated that the Defendant understood his right to a speedy trial and agreed with the need for a continuance. The Government did not oppose the request for a trial continuance and affirmed that the discovery in this case is voluminous. The parties agreed on a new trial date of October 23, 2012.

The Court finds the motion to continue the May 15, 2012 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds that the amount of discovery to be reviewed is voluminous. Defense counsel needs time to review the discovery, locate and interview witnesses, consult with the Defendant, and to prepare pretrial motions. These tasks are complicated by the fact that the Defendant resides in Indiana. If any pretrial motions are filed, the Court will then need time to conduct a hearing on the pending motions and time, not to exceed thirty days, to rule upon the motions and/or to prepare reports and recommendations. See 18 U.S.C. § 3161(h)(1)(D) & -(H). The parties will need time to file any objections, and the District Court would need time, in such case, to rule upon the objections. Finally, the parties will need time to prepare for trial in light of the rulings on any motions and objections. The Court finds that all of this could not take place before the May 15, 2012 trial date or in less than five and one-half months. Thus, the Court finds that the failure to grant a continuance would deprive the parties of time to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant Carsons's Motion to Continue [**Doc. 15**] is **GRANTED**, and the trial of this matter is reset to **October 23, 2012**. The Court also finds that all the time between the May 8, 2012 hearing and the new trial date of October 23, 2012, is fully excludable time

under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(1)(H), &-(7)(A)-(B). With regard to further scheduling, the Court did not set a new motion-filing deadline but, instead, informed defense counsel that if he determined that any pretrial motions are necessary, he should file the motion attached to a motion for leave to file the motion out of time. The deadline for concluding plea negotiations is extended to **October 9, 2012**. The Court instructs the parties that all motions *in limine* must be filed no later than **October 8, 2012**. Special requests for jury instructions shall be submitted to the District Court no later than **October 12, 2012**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Carson's Motion to Continue [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **October 23, 2012**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **May 8, 2012** hearing, and the new trial date of **October 23, 2012**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Motions *in limine* must be filed no later than **October 8, 2012**;

(5) The deadline for concluding plea negotiations is **October 9, 2012**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **October 12, 2012**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge